In re LAWSON et al.

JUDGMENT—PRIORITY OF JUDGMENT LIENS—JUDGMENTS BY CONFESSION ON WARRANTY AND IN ACTION.

In view of *Rev. Code* 1915, §§ 4282–4286, 4302, relating to time of entry and lien of judgments, the requirement of *section* 3764, that prothonotaries entering judgment on bond with warrant of attorney, or taking judgment by confession other than by virtue of such warrant, shall set down the hour of entry, does not include judgments confessed in court in actions which relate back to the first minute of the day on which they are confessed, so that such judgments confessed in action take priority over judgments taken by confession on warrant of attorney on the same day.

(*April* 18, 1919.)

BOYCE and CONRAD, J. J., sitting.

*Robert G. Houston* for Elmer H. Lawson.

*Daniel J. Layton, Jr.*, for Layton and Layton.

Superior Court for Sussex County, April Term, 1919.

Petition by Elmer H. Lawson, assignee of a judgment by confession before the prothonotary on a warrant of attorney, and by Layton & Layton, Incorporated, holder of a judgment by confession in an action, to draw money out of court. Order for payment to Layton & Layton.

Virginia M. Joines did, on the tenth day of February, A. D. 1914, at 12:35 o'clock p.m., obtain a judgment by confession before the prothonotary for Sussex county upon a warrant of

attorney, against Daniel W. Lawson and the said Elmer H. Lawson for the sum of three hundred dollars, besides interest and costs, which judgment was subsequently paid by and assigned to the said Elmer H. Lawson. Layton & Layton, Incorporated, did on the same day obtain in the Superior Court for said county a judgment by confession in an action pending against the said Daniel W. Lawson for the sum of three hundred dollars, besides costs of suit.

The lands of the said Daniel W. Lawson were thereafter sold by the sheriff of said county, under execution process. Afterwards the sheriff, because of conflicting claimants, was allowed to pay the net proceeds of the sale into court for distribution. On presenting the petitions to the court, Mr. Houston stated that he was prepared to prove by the former prothonotary and another person that the judgment of Layton & Layton, Incorporated, was confessed in court on the same day, but several hours after the entry of the Joines judgment, since assigned to Elmer H. Lawson; and it was claimed, under the several provisions of the statute in relation to the time of the commencement of the liens of judgment, that the latter judgment has priority over the judgment of Layton and Layton, Incorporated.

Mr. Layton replied tha the prothonotary had set down on the docket under the judgment which he presented the day, month and year of its entry as required to do, and contended that the entries so made could not be contradicted, explained, or varied by parol evidence, and that in respect to the time of the entry and lien of said judgment the common-law rule which rejects fractions of a day applies. *Hollingsworth v. Thompson*, 5 *Har.* 432.

BOYCE, J., delivering the opinion of the court.

By act of the General Assembly, passed January twenty-ninth, A. D. 1829 (*Hall's Digest* [1829] 392–395), the following provisions, in substance, among others, were enacted:

A judgment shall bind lands only from the time of actually entering, or signing it, and not by relation from the first day of the term in, or of which it is entered. *Rev. Code* 1915, § 4282.

A judgment upon a verdict, if entered before the end of the term next after that in which it is given, shall be deemed to be entered at the same time as the verdict, and shall bind accordingly. *Rev. Code* 1915, § 4283.

A judgment given, amount to be ascertained by the prothonotary, or other person, shall bind from the time of its entry, if the amount be ascertained and entered upon the docket before the first day of the term next after that in which the judgment is given; but otherwise only from the time of entering upon the docket the ascertained amount. *Rev. Code* 1915, § 4284.

If several judgments be entered against the same person, on the same day, the first entered shall have the priority. If where there are several judgments against the same person, it does not appear, by the entries, which was first entered, they shall, when given in suits previously commenced, have priority according to the priority of the dates of the suits in which they are respectively given. *Rev. Code* 1915, § 4285.

A judgment entered during a term, if the day of entering it does not appear by the docket, shall be postponed to a judgment entered during the period of the same term, the day of entering which does appear by the docket. None of the foregoing regulaions shall contravene the provisions of the second section respectng judgment upon a verdict. *Rev. Code* 1915, § 4286.

Another provision thereafter enacted, requiring the true date of entry of a judgment to be set down on the docket is:

The true date of entering, or signing, every judgment, shall be entered on the docket thereof, as also the date of ascertaining the amount of a judgment given, the amount to be ascertained by the prothonotary, or other person; and all judgments shall be indexed according to the provisions of *Chapter* 113 *Rev. Code* 1852, § 2407; *Rev. Code* 1915, § 4302.

Also:

Whenever a judgment is entered, or signed, in the Superior Court (except judgments on verdict when entered before the end of the term next after that in which the verdict is given), the prothonotary shall set down on the docket the day, month, and year of actually entering or signing it; and also when entering

the ascertained amount of a judgment given, "amount to be ascertained by the prothonotary, or other person," he shall in like manner set down the true date of the entry. *Rev. Code* 1852, § 669; *Rev. Code* 1915, § 3764, *first paragraph.*

This was the state of the statute law down to 1854. So that in the entry of a judgment, whether confessed in court in a pending action, or before the prothonotary upon a warrant of attorney, the prothonotary was only required to set down on the docket the day, month and year of actually entering or signing it. There was not, therefore, any distinction in respect to the requirement of setting down the time of entry between a judgment confessed in court in a pending action and a judgment confessed upon a warrant of attorney. The time of entry required to be set down in each case was the day of entry.

In *Hollingsworth v. Thompson* (1854) 5 *Har.* 432, on a rule for the distribution of money, in the hands of the sheriff, between two lien creditors, one by mortgage, recorded October fifteenth, A. D. 1851, at eleven o'clock a.m., and the other by judgment confessed the same day upon a warrant of attorney, the court held that the time of the entry of the judgment was the day of entry; and in respect to the lien of the judgment, following the rule of law excluding fractions of a day in determining the priority of liens, gave the judgment preference, as commencing from the first moment of the day on which it was entered. The court suggested that the inconvenience referred to in the argument ought to be corrected by statute. Subsequently, on January twenty-third, A. D. 1855, the General Assembly enacted:

"The prothonotary on entering a judgment on bond with warrant of attorney, or in taking a judgment by confession other than by virtue of such warrant, shall set down on the docket, under such judgment, the precise hour and minute of the day when the same was entered or taken, and such judgment shall operate and take effect as liens, at and from the time so noted or entered on the record as aforesaid." 11 *Del. Laws, c.* 154; *Rev. Code* 1915, § 3764, *second paragraph.*

From the time of the passage of this amendment, it has not been considered, according to the unbroken practice of prothonotaries, that the clause therein, viz., "or in taking a judgment by confession other than by virtue of such warrant," required the

prothonotary to set down on the docket, under a judgment confessed in court in a pending action, the precise hour and minute of the day, but only the day of the confession, the same as when entering judgment on a verdict. See *Forms*, 1 *Woolley, Del. Prac.* §778. It is the opinion of the court that the above clause relied on embraces such judgments only as the prothonotary may take or enter on confession made before him, and it does not include judgments confessed in court in actions previously commenced.

The prothonotary enters a judgment so confessed upon order of the court. There is no difference between a judgment so entered in respect to the notation of the time of entry and a judgment on the verdict of a jury.

See *Forms*, 1 *Woolley, Del. Prac.* §§ 669, 771.

On the question of hearing evidence to vary the notations in respect to the time of entry of a judgment it is the opinion of the court that the legislative purpose to make such entries conclusive is clearly shown by said *sections* 4285 and 4286 of the statute. And the reason therefor is based upon sound public policy which should be adhered to as a measure to prevent litigation.

The Joines judgment entered by the prothonotary upon warrant of attorney appears upon what is known as the "Judgment Docket"; the judgment of Layton & Layton, Incorporated, confessed in court in an action pending appears on what is known as the "Continuance Docket"; so that from an inspection of the two records it does not appear which of the two judgments was first entered.

The conclusion reached by the court is that testimony as to the precise time of the confession of the judgment in favor of Layton & Layton, Incorporated, should not be admitted, and that in determining the time of the commencement of the lien of said judgment the principle of the unity of a day must be applied, so that the court is constrained to hold that said judgment relates back as a lien to the first minute of the day on which it was confessed in court. The money in court under consideration, being less than the amount due on said judgment, should, there-

fore, be paid to Layton & Layton, Incorporated, on account of said judgment. An order will be entered accordingly.